TROUTT *v.* RAILROAD.

(*Knoxville.* October 3, 1896.)

COSTS. *Retaxation of.*

This Court will not retax costs of attendance and mileage of witnesses allowed without contest in the Court below, upon petition, supported by affidavits, averring that the fees were illegally taxed and allowed. Relief must be first asked and refused in the Court below.

Cases cited and approved: State *v.* Goodbar, 8 Lea, 451; Sherman *v.* Brown, 4 Yer., 561.

FROM HAMILTON.

Appeal from Circuit Court of Hamilton County. JOHN A. MOON, J.

J. A. CALDWELL for Troutt.

SHEPHERD & FRIERSON for Railroad.

WILKES, J. This is a petition filed in this Court to retax cost alleged to be improperly taxed in the Court below. The items complained of are mileage allowed and taxed for two witnesses for the defendant, when it was claimed neither was entitled to mileage, one of the witnesses never having been

summoned and the other living in Chattanooga, within a mile of the courthouse where the trial was had.

The petition is sworn to and affidavits of third persons are filed, as well as that of the clerk below.

It is held in the case of the *State* v. *Goodbar*, 8 Lea, 451, that this Court has plenary jurisdiction over the taxation of its own costs, and, when there is anything in the record to correct by, an erroneous taxation of costs in the inferior Court may be corrected. But the taxation of costs by the inferior Court for the attendance of witnesses cannot be corrected by the appellate Court unless a motion has been made in the Court below to correct the taxation, the opinion of that Court had thereon, and the motion and judgment entered of record. Citing *Sherman* v. *Brown*, 4 Yer., 561.

The taxation of costs in the Court below belongs to that Court, and the jurisdiction of this Court in that regard is only for the correction of errors appearing of record.

In the case in 8 Lea, *supra*, the erroneous taxation complained of was the attendance and mileage of certain witnesses and fees for the services of subpœnas which were never executed, and other items not necessary to mention. The Court held it had no jurisdiction to correct any costs of the Court below, except when on the record they appeared to be not authorized by law or in excess of what the law allowed. This Court has no jurisdiction to grant the relief asked in the peti-

tion, and it is dismissed. It is not intended to say that the petitioner has no remedy. We think he has, and, upon the *prima facie* case made by him, he should have relief, but we mean only to say that this Court has not the jurisdiction to give the relief in the present condition of the record. What the remedy may be we do not suggest.